UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:09CR-47-M

COMMONWEALTH OF KENTUCKY                         RESPONDENT/PLAINTIFF

v.

KENDALL JEROME SHAW                              PETITIONER/DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on Petitioner/Defendant Kendall Jerome Shaw's petition to remove his criminal proceeding pursuant to 28 U.S.C. § 1443. For the reasons set forth below, the Court will dismiss the petition and remand the action to state court.

### I.

Shaw is an inmate at the Louisville Metro Department of Corrections. Shaw reports that he is under indictment by the Commonwealth of Kentucky for murder, possession of a handgun, and tampering with physical evidence. He seeks to have that criminal complaint removed to this Court.

Shaw claims that because he is a black African-American he will not be afforded racial equality in his criminal case. He also asserts that he was denied a due-process hearing. He asks that the charges of murder and tampering with physical evidence be dismissed with prejudice and that the gun charge be amended to a misdemeanor charge.

### II.

Shaw asserts that his action is removable to this Court pursuant to 28 U.S.C. § 1443(1). This section permits removal of a criminal action by a defendant "who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of

citizens of the United States . . . ." 28 U.S.C. § 1443. Shaw's criminal action is not removable under this subsection.

Under § 1443 (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Even if Shaw could satisfy the first prong, *Rachel*, 384 U.S. at 804 (holding that allegations of a denial of rights under the Civil Rights Act of 1964 satisfied the first prong), his petition wholly fails to satisfy the second prong because he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his federal rights in state court. Rather, it appears from Shaw's petition that he believes that the state court officials have acted improperly in his case alone and that he will not be able to get a fair trial in state court. This is insufficient

to justify removal.  As the United States Supreme Court has eloquently and forcefully explained:

> It is not enough to support removal under §1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, *or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights*.  The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial.  Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 827-28 (emphasis added).  Because Shaw has not alleged a formal expression of state law that denies a federal right, the state appellate courts should be able to vindicate his rights.  For these reasons, removal is not proper under § 1443(1).

Because removal is not authorized under § 1443, this Court is without jurisdiction to entertain Shaw's criminal action at this time.  As procedural guidance, however, the Court advises that should Shaw believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies (on direct appeal and by way of any post-conviction collateral attacks, such as a RCr 11.42, for instance) and then file a federal habeas petition under 28 U.S.C. § 2254.

### III.

Because the Court finds that removal of Shaw's criminal action is improper, it will dismiss his petition and summarily remand the action pursuant to 28 U.S.C. § 1446(c)(4).[1]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc:    Petitioner/Defendant
       Clerk, Jefferson Circuit Court
       Jefferson County Attorney
4414.009

---

[1] Pursuant to § 1446(c)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."